## WOODWORTH *against* KISSAM.

<div style="margin-note">Where a creditor, by fraud or deception, obtains the goods of his debtor, the property is not changed, and he cannot apply them to the satisfaction of his debt, but the debtor may maintain *trover* against him.
What circumstances are sufficient to make out fraud and deception, in such case, is a question to be left to the jury.</div>

THIS was an action of *trover* for a gold watch. The cause was tried before Mr. J. *Platt*, at the *Columbia* circuit, in *September*, 1817.

A witness on the part of the plaintiff proved, that after the plaintiff and defendant had been in private together, he came in, and found the defendant with the plaintiff's watch in his possession: that the plaintiff demanded the watch and money, notes and accounts, of the defendant, who refused to give them up: that the plaintiff charged the defendant with having snatched them from the table, and that he had deceived him: that the defendant replied, that the plaintiff owed him, and that he meant to have his pay. The plaintiff, soon after, stated to the defendant, in the presence of the witness, that the defendant had uniformly represented himself as the agent of the plaintiff's creditors in the city

of *New-York;* that he had assured him, repeatedly, that he was authorized to receive the three shillings in the pound, which had been offered, and discharge him from his debts in *New-York;* that the defendant well knew, that such discharge, on the delivery of the property, was the only condition upon which he had ever consented to treat with him, and had gotten his property unfairly, and the plaintiff again demanded it of him. The defendant did not deny these allegations, but replied, that he would endorse the amount of the property on the notes which he held against the plaintiff, and would not restore it. It appeared that the plaintiff was indebted to the defendant and his partner in the sum of 300 dollars, and that the defendant had endorsed upon the notes in his possession, given by the plaintiff to the defendant and his partner, the value of the property, which amounted to nearly the sum due on the face of the notes.

On this evidence the judge nonsuited the plaintiff, who now moved to set aside the nonsuit, and the case was submitted to the court without argument.

*Per Curiam.* This is a motion to set aside a nonsuit, ordered upon the trial of this cause. This action was trover for a gold watch. Whether there was sufficient evidence of a conversion should have been submitted to the jury. The evidence was circumstantial only; but it was pretty strong to show that the defendant had, by undue means, got possession of the watch in question. That the watch was the property of the plaintiff a short time before it was found in the defendant's possession, is not denied. What passed between the parties when the defendant received the watch, was in private; but in the subsequent conversation between them, the plaintiff charged the defendant with having violated his engagement in relation to it, and that he had deceived him, and got the possession unfairly. The defendant did not deny his statement, but offered to endorse the value of the watch upon the notes which he held against the plaintiff, and did, afterwards, make the endorsements. If there was, however, any fraud or deception practised on the plaintiff, no change or transfer of property took place. No man can avail himself of his own misconduct, as the foundation

NEW-YORK,
May, 1818.

of a claim set up by him.　The principles which govern-. ed the decision of the court, in *Murray* v. *Burling*, (10 *Johns. Rep.* 172.) will apply here, if the circumstances shown upon the trial were sufficient to make out the misconduct of the defendant; and whether they were so or not, should have been submitted to the jury.　The nonsuit must, accordingly, be set aside, and a new trial awarded.

Motion granted.